## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ERIC BOWERS,<br><br>                Plaintiff,<br><br>v.<br><br>SHOW-ME INSTITUTE<br><br><u>Serve at</u>:<br>W. Bevis Schock, Esq., Registered Agent<br>7777 Bonhomme Ave., Ste. 1300<br>St. Louis, MO 63105<br><br><br>                Defendant. | **JURY TRIAL DEMANDED**<br><br><br>Case No. 4:20-cv-1716 |

### COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

COMES NOW Plaintiff Eric Bowers ("Bowers"), by and through his undersigned counsel, and hereby states for his Complaint against defendant Show-Me Institute ("Defendant") as follows:

### SUMMARY OF THE ACTION AND PARTIES

1.      Plaintiff brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Plaintiff's original copyrighted works of authorship.

2.      Plaintiff is a full-time, self-employed professional photographer who resides in Kansas City, Kansas.

3.      Plaintiff's Work (as defined herein) at issue is part of his portfolio that depicts architectural subjects of significance in the Kansas City, Missouri metro area. Plaintiff's portfolio was years in the making.

4.      In particular, the Work depicts the Kansas City skyline featuring the "One Light" building.

5.      To create the Work, Plaintiff used professional-grade photography and editing equipment that he purchased for thousands of dollars.

6.      To create the Work, Plaintiff invested many hours of his professional time.

7.      Plaintiff is well-paid for the Work. The minimum fee for the time and a use-limited license of the Work that Defendants used without permission in this case is more than $1,000 per individual image for a licensee who wishes to use the image nationally.

8.      Defendant is a Missouri corporation with its principal place of business inside of Missouri.

9.      Upon information and belief, Defendant copied Plaintiff's copyrighted Work from the internet in order to nationally advertise, market and promote its business activities across Missouri, including Saint Louis, Missouri.

10.      Defendant committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting its business to the public in the course and scope of Defendants' business.

## JURISDICTION AND VENUE

11.      This is an action arising under the Copyright Act, 17 U.S.C. § 501.

12.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

13.      Defendant is subject to personal jurisdiction in Missouri because Defendant can be found at its location in Saint Louis, Missouri within this District. Defendants are subject to

personal jurisdiction in Missouri because Defendants took and used Plaintiff's Work depicting the Kansas City metro area to reach out to customers specifically in Missouri in order to promote Defendant's business in Missouri.

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in Saint Louis, Missouri in this District. Upon information and belief, Defendant engaged in infringement in this District, and Defendant is subject to personal jurisdiction in this District and resides or can be found in this District.

## THE COPYRIGHTED WORK AT ISSUE

15.     In    or    about    2016,    Plaintiff    created    a    photograph    entitled "one_light_tower_kansas_city_exterior_photo-261.jpg", which is shown below and referred to throughout as the "Work."



16.     Plaintiff thereafter sought the help of a professional copyright agent, ImageRights International ("ImageRights"), to help him timely and correctly register the Work.

17.     ImageRights helped Plaintiff to register the Work with the Register of Copyrights on March 21, 2016 and Plaintiff's Work was assigned the registration number "VA 2-001-422." The Certificate of Registration for the Work is attached hereto as **Exhibit 1** and incorporated herein by reference.

18.     The Work is an artistic rendering of Kansas City's One Light Building.  To create the Work, Plaintiff took a series of photographs of the city skyline and digitally edited and retouched lighting and "special effects" in the photo to create the final copyrighted image.

19.     For example, Plaintiff employed special artistic skill to capture the One Light Building's reflective windows in an adequately soft light.

20.     At all relevant times, Plaintiff was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

21.     Defendant had never been licensed to use the Work at issue in this action for any purpose.

22.     On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendant copied the Work.

23.     Defendant copied Plaintiff's copyrighted Work without Plaintiff's permission.

24.     After Defendant copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their business.

25.     Specifically, Defendant placed the Work on "www.showmeinstitute.org" (the "Website"), a website that Defendant owned, controlled, and operated.

26.     Defendant's display of the Work was repeated and continuous.

27.     Defendant displayed the Work on their website and stored it on their website for future use. *See* **Exhibit 2** and **Exhibit 3** from Defendant's Website.

28.     Defendant displayed the Work to market their business.

29.     Defendant displayed the Work beginning in August of 2019.

30.     Shortly thereafter, ImageRights noticed that Defendant appeared to be using the Work on Defendant's Website and made Plaintiff aware of Defendant's potentially unauthorized use of the Work.

31.     Defendant's display of the Work is captured on their website in the following screenshot:



32.     Plaintiff carefully reviewed Defendant's Website and determined that the subject photograph was his Work and that Defendant did not have any license or permission to use the Work.

33.     Defendant copied and distributed Bowers' copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling Defendant's goods and services.

34.     Plaintiff's Work is protected by copyright, but is not otherwise confidential, proprietary, or trade secrets.

35.     Defendant committed copyright infringement of the Work as evidenced by the screenshot exhibits attached hereto.

36.     Plaintiff never gave Defendant permission or authority to copy, distribute, or display the Work at issue in this case.

**PLAINTIFF'S EFFORTS TO RESOLVE PRE-SUIT AND DEFENDANTS' RESPONSE**

37.     Plaintiff first notified Defendant in writing of the allegations set forth herein on August 12, 2019.  On this date, Plaintiff asked Defendant if they could provide an alternate company name that obtained the license for the Work and endeavored to make certain that his allegations of infringement were not in error.  If there was no error, Plaintiff requested a license fee of $2,500 to resolve the matter.  Defendant responded by stating that it will "make no voluntary payment."

38.     On August 26, Plaintiff again attempted to resolve the matter by sending Defendant another written notice. Defendant did not respond.

39.     On October 1, 2019, Plaintiff sent yet another written notice to Defendant after he observed that Defendant refused to acknowledge his prior notices and still continued to display the Work on their website without a license.  Plaintiff advised Defendant, "Your urgent attention is now required to resolve this matter."  Plaintiff again reminded Defendant that a license fee of $2,500 was due and provided a phone number and an email address for Defendant to contact. Defendant never responded.

40.     Plaintiff sent Defendant additional notices requesting the $2,500 license fee on October 11, October 18, October 21, and October 30.  In the October 30 notice, Plaintiff wrote, "This will be our final attempt to find an amicable resolution to this matter."  Defendant refused to tender the $2,500 and made no reasonable counter-offer.

41.     In early 2020, Plaintiff made another good faith effort, through counsel, to resolve the dispute with Defendant.  Plaintiff provided a copy of the original photograph and proof that it had been properly registered.   Defendant responded that Plaintiff did not take the subject photograph, but rather that the person who authored Defendant's website, Dana Welsch, took the photograph.   Defendant maintained that it had a license to use the photograph.   Defendant promised to provide proof of Welsch's creation of the photograph and proof of licensure.

42.     Defendant could not and did not provide any such proof because the Work is Plaintiff's.

43.     Defendant's scheme and lie establish that Defendant's infringement is willful.

44.     Plaintiff has attempted to settle this matter amicably and for a minimum of expense with Defendant while seeking to avoid incurring any attorneys' fees or litigation expenses.

45.     Defendant has refused to make any meaningful attempt to settle this matter with Plaintiff, and did not remove the photo for approximately a month after Plaintiff provided notice of Defendant's copyright infringement.

46.     The foregoing refusal to remove the photograph even after multiple notifications of Defendant's infringement demonstrates that Defendant's infringement is willful and malicious.

47.     Plaintiff had no option but to engage the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT I - COPYRIGHT INFRINGEMENT

48.     Plaintiff incorporates by reference all prior paragraphs of this Complaint as if such were fully set forth herein.

49.     Plaintiff owns a valid copyright in the Work at issue in this case.

50.     Plaintiff registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

51.     Defendant copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

52.     Defendant performed the acts alleged in the course and scope of its business activities.

53.     Plaintiff has been damaged.

54.     The harm caused to Plaintiff has been irreparable.

WHEREFORE, Plaintiff Eric Bowers prays for judgment against Defendant such that:

a.      Defendant and its agents, servants, employees, affiliated entities, and all of those in active concert with him, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b.      Defendant be required to pay Plaintiff his actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages as provided in 17 U.S.C. § 504;

c.      Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon; and

d.      Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

/s/ Richard A. Voytas, Jr.
_____
Richard A. Voytas, Jr., #52046 MO
rick@rossvoytas.com
2242 S Brentwood Blvd.
St. Louis, MO 63144
Phone: (314) 394-0605
Fax:    (636) 333-1212

Attorney for Plaintiff Eric Bowers